Filed 5/2/25  P. v. Saechao CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C101212 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CF00013) |
| v. | |
| ROBERT JOHN SAECHAO, | |
| Defendant and Appellant. | |

A jury found defendant Robert John Saechao guilty of several counts related to acts of domestic violence against his girlfriend.  The trial court found true defendant suffered a prior strike for battery involving serious injury.  On appeal, defendant argues insufficient evidence supports the trial court's finding and requests that we strike the prior strike.  The People concede there was insufficient evidence to find a prior strike but argue we should remand the matter for a retrial on the prior strike allegation.  We will reverse the trial court's true finding as to the prior conviction, vacate the sentence, and remand the matter for further proceedings.

1

The substantive facts underlying defendant's convictions are not relevant to our disposition and are therefore not recounted here.

An amended information charged defendant with several counts related to acts of domestic violence against his girlfriend, including: one count of willful infliction of corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a); undesignated statutory references are to the Penal Code); one count of kidnapping (§ 207, subd. (a)); two counts of dissuading a witness (§ 136.1, subd. (b)(1)); one count of false imprisonment by violence (§ 236); and one count of making criminal threats (§ 422, subd. (a)). As to all counts, the information also alleged a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and prior serious felony conviction enhancement (§ 667, subd. (a)(1)) for battery with serious bodily injury (§ 243, subd. (d)) in 2007. The information further alleged five aggravating factors. (Cal. Rules of Court, rules 4.421(a)(1), (a)(2), (a)(3), (a)(6), (a)(11).) Defendant waived his right to a jury trial as to the prior strike, prior serious felony conviction enhancement, and aggravating factors.

A jury found defendant guilty as to all counts. During bifurcated proceedings as to the alleged enhancements and aggravating factors, the People submitted a certified record of conviction comprised of two documents that collectively indicated defendant "ha[d] been convicted of: Ct 1: 243(d) PC, a felony" and was thus subject to specific terms and conditions of formal probation but they did not provide any facts or circumstances of the underlying conviction. The trial court found true that defendant suffered a prior strike and prior serious felony conviction. Then, the court found true four of the five aggravating factors alleged.

Before sentencing, defendant filed a motion to strike his prior conviction under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, arguing that his prior strike was remote in time. The People opposed the *Romero* motion, arguing that defendant's

long, violent criminal history; gang membership; and the violence involved in the current offenses placed him within the Three Strikes law. The trial court denied defendant's *Romero* motion.

At sentencing, the trial court imposed an aggregate term of 16 years and 8 months in state prison comprised of: the midterm of three years, doubled to six years, for willful infliction of injury on a cohabitant; the midterm of two years, doubled to four years, for each count of dissuading a witness (§ 1170.15); eight months (one-third the midterm), doubled to one year and four months, for false imprisonment by violence; and eight months (one-third the midterm), doubled to one year and four months, for making criminal threats. The court imposed the midterm of five years for kidnapping but stayed execution of the term pursuant to section 654. The court struck the prior serious felony conviction enhancement.

## DISCUSSION

On appeal, defendant argues the trial court violated his due process rights under the Fifth and Fourteenth Amendments because there was insufficient evidence to support its finding that his 2007 battery conviction constituted a strike offense. Alternatively, defendant argues that the trial court abused its discretion in declining to strike his prior strike conviction. The People concede insufficient evidence supports the trial court's finding. The parties disagree on the remedy, however; though defendant acknowledges that remand for a retrial on the prior strike allegation is permissible, he requests that this court strike the prior strike instead; while the People argue we should remand the matter for a retrial.

We agree with the parties that the trial court's finding that defendant's 2007 battery conviction constituted a strike offense is not supported by substantial evidence. Therefore, we need not address defendant's abuse of discretion claim. And, we conclude the proper remedy is to remand for further proceedings.

3

In determining whether there was sufficient evidence to support a finding that a prior conviction constituted a serious felony and thus a prior strike, we review the record in the light most favorable to the judgment to determine whether it is supported by substantial evidence. (*People v. Miles* (2008) 43 Cal.4th 1074, 1083.) We determine whether "a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt." (*Ibid*.)

Under the Three Strikes law, a prior conviction is a "serious felony" that qualifies as a strike for sentence enhancement purposes if it is a crime listed in section 1192.7, subdivision (c). (§§ 667, subd. (d)(1); 1170.12, subd. (b).) Battery with serious bodily injury is not one of the crimes specified as a "serious felony." (§ 1192.7, subd. (c); *People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508 (*Bueno*); *In re Jensen* (2001) 92 Cal.App.4th 262, 268.) However, "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice," is a "serious felony" under the Three Strikes law. (§ 1192.7, subd. (c)(8).) To establish that a battery qualifies as a "serious felony," the People must prove the defendant personally inflicted great bodily injury, rather than that he aided and abetted another, and that the victim was not an accomplice. (*Bueno*, *supra*, at p. 1508.) "Accordingly, [defendant's] prior conviction only qualifies as a serious felony if the People proved or [defendant] admitted those additional facts regarding the crime." (*Ibid*.)

When looking at a record of a prior conviction to determine "whether [defendant's] prior offense was a serious felony, we are bound by the rule that a record of a prior conviction establishes only the 'least adjudicated elements' of the offense." (*Bueno*, *supra*, at p. 1508.) Section 243, subdivision (d) provides that the offense occurs "[w]hen a battery is committed against any person and serious bodily injury is inflicted on the person." So, "the bare fact that [defendant] was convicted for battery with serious bodily injury under [section 243, subdivision (d)] is insufficient to show he was convicted of a serious felony under section 1192.7, subdivision (c)(8)." (*Bueno*, at p. 1508.)

4

"[O]ne can commit a battery within the meaning of section 243, subdivision (d) without committing a serious felony within the meaning of section 1192.7, subdivision (c)(8)." (*Ibid*.) That is, one can commit a battery within the meaning of section 243, subdivision (d), without *personally* inflicting the great bodily injury. Accordingly, defendant's prior conviction only qualifies as a serious felony if the People proved or defendant admitted additional facts regarding the crime.

Here, based on the evidence the People submitted, a rational trier of fact could not infer defendant personally inflicted great bodily injury, rather than that he aided and abetted another, and that the victim was not an accomplice. Therefore, the trial court lacked sufficient evidence to find defendant's 2007 battery conviction constituted a prior strike.

As to the appropriate remedy, the California Supreme Court's decision in *People v. Barragan* (2004) 32 Cal.4th 236, 240-241 is instructive. *Barragan* held that when a strike allegation is reversed on appeal for insufficient evidence, the allegation may be retried. (*Id*. at pp. 240-241.) Further, *Barragan* concluded that before an appellate court may exercise the power to direct a trial court to enter judgment on an issue in the defendant's favor, "it must appear from the record . . . that on no theory grounded in reason and justice could the party defeated on appeal make a further substantial showing in the trial court in support of his cause." (*Id*. at p. 250.) Thus, "where an appellate court finds that 'the evidence is insufficient to support the verdict,' the 'normal rule' is that the losing party on appeal is 'entitled to a retrial.' " (*Ibid*.) We see no reason to depart from the "normal rule" here. Nothing in the record suggests that, at a retrial, the People would be unable to submit evidence that supports a true finding on the prior strike allegation, and defendant has not contended otherwise. Accordingly, we will reverse and remand the matter for a possible retrial on the prior strike allegation.

DISPOSITION

The finding that defendant's prior conviction for battery with serious bodily injury in 2007 was a serious felony within the meaning of the Three Strikes law is reversed, and the sentence is vacated.  The matter is remanded for further proceedings to allow the prosecution to retry defendant on the prior strike allegation, if they elect to do so, and for resentencing.  Upon resentencing, an amended abstract shall be issued and sent to the Department of Corrections and Rehabilitation.

In all other respects, the judgment is affirmed.


                                                         _____

                                                         HULL, Acting P. J.


We concur:



_____

MAURO, J.



_____

DUARTE, J.


6